16 F.3d 420
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Antonio D. METZGAR, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3431.
 United States Court of Appeals, Federal Circuit.
 Dec. 13, 1993.
 
 Before CLEVENGER, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Antonio D. Metzgar petitions for review of the February 4, 1993 Initial Decision of the Administrative Judge (AJ), Docket No. DE0831930098I1, affirming the Office of Personnel Management's (agency's) reconsideration decision denying petitioner's request to elect a survivor annuity benefit for his current spouse. The AJ's decision became the final decision of the Merit Systems Protection Board (Board) on June 3, 1993, when the Board denied review of the AJ's decision. We affirm.
 
 DISCUSSION
 
 2
 We review the Board's decision under a narrow standard and must affirm unless the decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 3
 In this case, the AJ issued a detailed decision addressing the propriety of the agency's denial of petitioner's request. As stated by the AJ, petitioner was not eligible under the statute in effect in 1977 (the time of his retirement) to elect survivor benefits for a spouse he married after the date of his retirement, unless he had elected, at the time of his retirement, survivor benefits for his former spouse. Further, although petitioner had a "second chance" under the Civil Service Retirement Spouse Equity Act of 1984 to elect survivor benefits for his current spouse whom he married after his retirement, he missed the filing deadline to make such an election by some six and a half years. The AJ correctly stated that petitioner's travels and relocations, although perhaps explaining his apparent unawareness of the opportunity to make a "second chance" election, provide no legal basis for waiving the statutory time limit for making the election. Nones v. Office of Personnel Management, 47 M.S.P.R. 481, 484-86 (1991), aff'd without op., 954 F.2d 734 (Fed.Cir.1992). Petitioner has failed to persuade us that the AJ committed any error. Consequently, we affirm.